UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIEGO FERNANDO COCA PETITIONER

V. CIVIL ACTION NO. 3:25-CV-753-DPJ-ASH

WARDEN CHILDRESS RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Diego Fernando Coca, a federal inmate incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of his sentence. As explained below, the undersigned recommends the Court dismiss Coca's petition without prejudice for failure to exhaust.

I. Facts and Procedural History

Coca is currently serving a 120-month term of incarceration following a guilty plea to a drug-trafficking charge in the Southern District of Florida. He believes he is entitled to additional FSA credits "for the time he endured on lockdown during the global Covid-19 pandemic." Pet. [1] at 1. Respondent filed a response in opposition to Coca's petition, and Coca filed no reply.

II. Analysis

Respondent says Coca's petition should be dismissed for failure to exhaust and, alternatively, denied on the merits. Because the Court finds Coca failed to exhaust his administrative remedies, it need not reach the merits.

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack*

*v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

The appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). "Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842,

2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023). "[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008).

The records submitted by Respondent indicate that Coca never began—much less completed—the administrative remedy process as to a claim regarding missing FSA credits. And Coca does not claim to have exhausted, instead arguing that exhaustion is not statutorily required and that he should be excused from any exhaustion requirement. While it is true that exhaustion is not a jurisdictional prerequisite to seeking relief under § 2241, courts in the Fifth Circuit nevertheless require federal prisoners to "exhaust 'administrative remedies before seeking habeas relief . . . under . . . § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). And while there are "[e]xceptions to the exhaustion requirement," they "apply only in extraordinary circumstances, and it is [Coca's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62).

Coca argues exhaustion should be excused because the BOP "has demonstrated a predetermined position," and that exhaustion takes time, "thereby . . . extending [his] time in prison." Pet. [1] at 4. But "[t]he fact that it takes time to exhaust administrative remedies does not excuse a prisoner from initiating and completing the process." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025), *report and recommendation adopted*, 2025 WL 1296185 (S.D. Miss. May 5, 2025). "Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate

release must exhaust their administrative remedies." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973)); *accord Mosquera v. United States*, No. 3:25-CV-487-DPJ-ASH, 2025 WL 3681375, at *1 (S.D. Miss. Dec. 18, 2025). And the fact that a petitioner believes he will be unsuccessful in his pursuit of administrative remedies does not excuse the obligation to exhaust. *Andrade v. Childress*, 3:25-CV-822-KHJ-MTP, 2026 WL 1140905, at *2 (S.D. Miss. Mar. 30, 2026), *report and recommendation adopted*, 2026 WL 1139640 (S.D. Miss. Apr. 27, 2026). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Id.* (quoting *Wy v. Berkebile*, No. 3:08-CV-1894, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008)). Coca has not shown he should be excused from administrative exhaustion.

## III. Conclusion and Recommendation

The undersigned has considered all arguments. Any not directly addressed would not have changed the recommendation. For the foregoing reasons, the undersigned recommends Coca's petition be dismissed without prejudice for failure to exhaust.

## IV. Notice of Right to Object

In accordance with the Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[1] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions,

[1] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE